Diego BARRAGAN–VASQUEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–73561.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2006.

Decided June 20, 2006.

John Sarmiento, Esq., San Francisco, CA, Judith Goodman, Martinez–Senftner Law Firm, Roseville, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret K. Taylor, Esq., Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before RYMER and WARDLAW, Circuit Judges, and WARE,* District Judge.

MEMORANDUM **

Diego Barragan–Vasquez petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") denial of cancellation of removal. We have jurisdiction to review decisions of the BIA under 8 U.S.C. § 1252(a), and we deny the petition for review.

The Attorney General may cancel the removal of an alien deportable from the United States if, *inter alia*, the alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application." 8 U.S.C. § 1229b(b). In order to meet this requirement, Barragan–Vasquez must have been continuously physically present in the United States since March 18, 1989, ten years prior to his receipt of a Notice To Appear.

Non-discretionary factual determinations such as the determination of continuous presence are reviewed for substantial evidence. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), *as amended.* "Where, as here, the BIA affirms the decision of the IJ without opinion, we review the decision of the IJ as the final agency decision." *Canales–Vargas v. Gonzales*, 441 F.3d 739, 742 (9th Cir.2006).

The IJ's determination that Barragan–Vasquez does not satisfy the ten-year presence requirement in 8 U.S.C. § 1229b(b) because he has not demonstrated that he entered the United States on or before March 18, 1989 is supported by substantial evidence. In the course of his immigration proceedings, he provided at least three different dates of entry: October 1989, February 1989, and August 1988. As to the August 1988 date, Barragan–Vasquez submitted a letter to the IJ purporting to be from his sister, and stated that he believes he received the letter while he was in the United States. The letter is unauthenticated, and Barragan–Vasquez has not shown the letter to be sufficiently reliable. The record also indicates that Barragan–Vasquez has a number of relatives in the United States, including at least three relatives who are legal permanent residents. However, none of his family members appeared before the IJ or provided an affidavit to corroborate his date of entry. Because the immigration judge's determination is supported by "relevant evidence as a reasonable mind might accept as adequate to support a conclu-

---

* The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sion," *Monjaraz–Munoz v. INS,* 327 F.3d 892, 895 (9th Cir.2003) (internal quotation marks omitted), *amended by* 339 F.3d 1012 (9th Cir.2003), we deny Barragan–Vasquez's petition for review.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 749–50 (9th Cir.2004), Barragan–Vasquez's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed *nunc pro tunc* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

DENIED.